IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JERRI DAWN BRADFORD, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-cv-217-SDJ-KPJ |
| NCR CORPORATION, | § § § | |
| Defendant. | § § § § | |

**ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On September 7, 2022, the Court received a Suggestion of Death and Certification of Death as to Plaintiff Jerri Dawn Bradford ("Plaintiff") in another case pending before the Court. *See Bradford v. Hyosung America*, No. 4:22-cv-218 (E.D. Tex. Mar. 18, 2022), Dkts. 12, 12-1. For the reasons that follow, the Court recommends Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

### I.   BACKGROUND

On March 18, 2022, Plaintiff filed a complaint (the "Complaint") (Dkt. 1) asserting Defendant NCR Corporation ("Defendant") violated the Fair Labor Standards Act ("FLSA") and discriminated against her on the basis of race, sex, age, and appearance. *See id.* at 4. Plaintiff requests damages of $100,000,000, the release of Plaintiff's employment records, "[r]elease record keeping documents to verify hours worked during time of employment," and "[v]erify contract for my job position as an Armed ATM Response [e]scort." *Id.* at 5. On March 18, 2022, Plaintiff also filed a Motion for Leave to Proceed In Forma Pauperis (Dkt. 2), a Motion to Appoint Counsel (Dkt. 3), and a Motion to Receive Electronic Notification (Dkt. 5). *See* Dkts. 2, 3, 5.

Plaintiff, proceeding *pro se*, has filed several actions in the Eastern District of Texas, the following of which currently remain pending, including this action: *Bradford v. Bierman*, 4:22-cv-138-ALM-KPJ (E.D. Tex. Feb. 28, 2022); *Bradford v. Love*, 4:22-cv-139-ALM-KPJ (E.D. Tex. Feb. 28, 2022); *Bradford v. Quality Security Services*, *LLC*, 4:22-cv-141-SDJ-CAN (E.D. Tex. Feb. 28, 2022); *Bradford v. Woo*, 4:22-cv-190-SDJ-CAN (E.D. Tex. Mar. 11, 2022); *Bradford v. Alonzo*, 4:22-cv-191-ALM-KPJ (E.D. Tex. Mar. 11, 2022); *Bradford v. ST Moritz Security Services*, *Inc.*, 4:22-cv-192-ALM-CAN (Mar. 11, 2022); *Bradford v. NCR Corporation*, 4:22-cv-217-SDJ-KPJ (E.D. Tex. Mar. 18, 2022); *Bradford v. Hyosung America*, 4:22-cv-218-ALM-KPJ (E.D. Tex. Mar. 18, 2022); *Bradford v. Diebold Nixdorf*, 4:22-cv-219-SDJ-KPJ (E.D. Tex. June 22, 2022); *Bradford v. Drew*, 4:22-cv-517-ALM-CAN (E.D. Tex. June 22, 2022); and *Bradford v. Brown Fox*, *PLLC*, 4:22-cv-522-SDJ-CAN (E.D. Tex. June 23, 2022).

On September 7, 2022, in one of the above referenced cases, the defendant, Nautilus Hyosung America, Inc. ("Hyosung America, Inc."), filed a Suggestion of Death as to Plaintiff. *See Bradford v. Hyosung America*, 4:22-cv-218-ALM-KPJ (E.D. Tex. Mar. 18, 2022), Dkt. 12. According to Hyosung America, Inc., Plaintiff died during the pendency of the civil action. *See id.* Hyosung America, Inc., attached a Certification of Death as to Plaintiff to the filing. *See Hyosung America*, 4:22-cv-218-ALM-KPJ, Dkt. 12-1. Given this Certification of Death, Plaintiff appears to have died in July 2022.[1] *See id.*; *see also Perez v. Steele*, No. 5:17-cv-113, 2018 WL 10323027, at *3 n.1 (N.D. Tex. Jan. 31, 2018) (citing FED. R. EVID. 201(c)(1)) (collecting cases regarding judicial notice of a party's death). The Court then ordered Hyosung America, Inc., to personally

---

[1] An obituary for Plaintiff available online also indicates Plaintiff died in July 2022. *See* Jerri Dawn Bradford, RELEFORD FUNERAL HOME, https://www.relerfordfuneralhome.com/obituary/Jerri-Bradford (last visited Nov. 1, 2022). The Court may take judicial notice of an online obituary after a suggestion of death has been filed. *Perez*, 2018 WL 10323027, at *3 n.1 (collecting cases); *Clyce v. Farley*, No. 3:15-cv-793, 2022 WL 625722, at *4 (N.D. Tex. Jan. 28, 2022), *R. & R. adopted*, 2022 WL 625092 (N.D. Tex. Mar. 3, 2022).

serve Plaintiff's successor or representative the suggestion of death. *Hyosung America*, 4:22-cv-218-ALM-KPJ, Dkt. 14. On November 28, 2022, Hyosung America, Inc., filed affidavits representing that personal service was effected upon Marilyn Sue Love-Jackson on November 15, 2022, and upon Jeneka Renee Bradford on November 16, 2022. *See id.*, Dkts. 15, 16. On December 5, 2022, Hyousung America, Inc., filed an affidavit that personal service upon Broddrick Bledsoe was effected on November 23, 2022.[2] *See id.*, Dkt. 17. On February 22, 2023, the Court recommended Plaintiff's claims against Hyosung America, Inc., be dismissed without prejudice pursuant to Rule 25(a) of the Federal Rules of Civil Procedure. *See id.*, Dkt. 22.

## II.   ANALYSIS

### A. Rule 25(a) of the Federal Rules of Civil Procedure

Rule 25(a) of the Federal Rules of Civil Procedure states as follows:

(1) *Substitution if the Claim is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

(2) *Continuation Among the Remaining Parties.* After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.

(3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

---

[2] On January 19, 2023, the Court ordered Hyosung America, Inc., file supplemental briefing as to the relationship of Plaintiff with Marilyn Sue Love-Jackson, Jeneka Renee Bradford, and Broddrick Bledsoe. *See Hyosung America*, 4:22-cv-218-ALM-KPJ, Dkt. 19. On February 3, 2023, Hyosung America, Inc., filed "Defendant NHA's Supplemental Briefing RE Suggestion of Death" (the "Supplemental Briefing"), wherein Hyosung America, Inc., explains that, from Plaintiff's obituary, Hyosung America, Inc., identified Marilyn Jackson-Love as Plaintiff's mother, Janeka Renee Bradford as Plaintiff's sister, and Broddrick Bledsoe as Plaintiff's brother. *See id.*, Dkt 21 at 1.

FED. R. CIV. P. 25(a). Before the 1963 Amendment to Rule 25(a), Rule 25(a) originally provided: "If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not made, the action shall be dismissed as to the deceased party." *Anderson v. Yungkau*, 329 U.S. 482, 484 (1947) (citing FED. R. CIV. P. 25(a)(1) (1938)). The *Anderson* Court interpreted Rule 25(a) to provide the courts *sua sponte* power to order substitution but made clear they were "under no duty to do so." *Id.* at 485.

However, the Advisory Committee, concerned with the "inflexible requirement that an action be dismissed as to a deceased party if substitution [was] not carried out within a fixed period measured from the time of the death", amended Rule 25(a) to establish a time limit for the motion to substitute "based not upon the time of the death, but rather upon the time information of the death is provided by means of a suggestion of death upon the record, i.e. service of a statement of the fact of death." FED. R. CIV. P. 25(a) advisory committee's note to 1963 amendment. "The rule was drafted on the assumption that, most commonly, successors or representatives will move to substitute promptly and voluntarily." 6 Moore's Federal Practice – Civil § 25.12 (Lexis 2021). Thus, the 1963 amendment removed courts' *sua sponte* power to substitute deceased parties and limited the courts' power under Rule 25 to solely decide parties' motions for substitution.

The assumption underpinning Rule 25(a) does not always hold true. This Court, like numerous other federal courts across the country, are confronted with scenarios not contemplated by the drafters of the rule amendment.[3] In the present action, Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 2) and Motion to Appoint Counsel (Dkt. 3) have not been granted;

---

[3] Giuseppe A. Ippolito's "Proposed Amendment to Federal Civil Rule 25" provides a valuable analysis of Rule 25(a), problems inherent to the rule, and a proposed rule amendment to "permit courts to initiate the 90-day dismissal process *sua sponte* when undisputed evidence indicates that a party has died." *See* Giuseppe A. Ippolito, ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, (last visited Feb. 17, 2023) https://www.uscourts.gov/sites/default/files/21-cv-q_suggestion_from_giuseppe_ippolito_-_rule_25_0.pdf#:~:text=31%20E.%2011th%20St.%20Chattanooga%2C%20TN%203%207,undisputed%20evidence%20indicates%20that%20a%20party%20has%20died.

summons has not been issued; and Defendant NCR Corporation has not appeared in the case. Thus, there is no party who can personally serve Plaintiff's successor or representative the suggestion of death. *See Sampson v. ASC Indus.*, 780 F.3d 679, 681 (5th Cir. 2015) (holding Rule 25(a) requires personal service of the notice of death on the personal representative for a deceased-plaintiff's estate "even where it is difficult to determine who the personal representative is," before the ninety-day clock begins to run for a motion to substitute) (citing *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir. 1985)); *Webb v. Town of St. Joseph*, No. 3:12-cv-02644, 2016 WL 2726648, at *1 (W.D. La. May 9, 2016) (finding it would be improper to allow the defendants to "simply obtain dismissal by rushing to file a suggestion of death before a decedent's successor has been identified" because it "would allow defendants to skirt the requirements of Rule 25 and gain an unfair tactical advantage" (citing *In re C.R. Stone Concrete Contractors, Inc.*, 462 B.R. 6, 19 (Bankr. D. Mass. 2011))).

When confronted with knowledge of a party's death but no service of the suggestion of death, courts have been forced to choose between either proceeding with the legal fiction that the deceased party remains fully capable of appearing, *see, e.g.*, *Ciccone v. Sec'y of Dep't of Health & Human Servs.*, 861 F.2d 14, 15 n.1 (2d Cir. 1988) ("Appellant died after this action was begun . . . Although no motion for substitution of parties has been made . . . this defect is not fatal since no suggestion of death was made to the district court." (citing *Coffee v. Cutter Biological*, 809 F.2d 191, 193 n.1 (2d Cir. 1987))); *Ralston v. Garabedian*, 603 F. Supp. 3d 208, 213 (E.D. Pa. 2022) ("Staying proceedings absent a formal suggestion of death would risk an indeterminable stay because nothing in Rule 25 says that a suggestion of death *must* be made or sets forth a time frame

for doing it" and the court's "actual knowledge of the death is immaterial.") (citations omitted);[4] or dismissing the case *sua sponte* without service of the suggestion of death, *see, e.g.*, *Mayfield v. Thompson*, No. 9:16cv127, 2019 WL 157981, at *1 (E.D. Tex. Jan. 9, 2019), *R. & R. adopted*, 2019 WL 177474 (E.D. Tex. Jan. 10, 2019) (dismissing the plaintiff's claims under Rule 25 as suggestion of death had been filed in one of the plaintiff's pending actions, more than ninety days had passed, and no motion to substitute had been filed); *Morgan v. Mississippi*, No. 2:07cv15, 2007 WL 3505067, at *1 (S.D. Miss. Nov. 14, 2007) (same).

As discussed above, in cases where there is counsel for at least one of the parties or a defendant has appeared, the course of action is straightforward: the party seeking to start the ninety-day clock must personally serve the suggestion of death to the plaintiff's successor or representative. *See Sampson*, 780 F.3d at 681. In the present case and others pending before the Court, however, the path forward is unclear. Both courses of action courts have previously taken have their faults. It would be highly mechanical to have Defendant appear, inform it of the suggestion of death, and then have Defendant personally serve the suggestion of death. But Rule 25(a) also does not grant *sua sponte* powers to dismiss a party without service of suggestion of death. Thus, the Court finds Plaintiff's claims may not be dismissed *sua sponte* under Rule 25(a) of the Federal Rules of Civil Procedure.

---

[4] *See* Ippolito, *supra*, at 4 ("An extreme example . . . appears in *Ciccone v. Sec'y of Dep't of Health & Human Servs.*, 861 F.2d 14 (2d Cir. 1988), where the plaintiff died during proceedings before the District Court. . . The District Court nonetheless ruled against the deceased plaintiff; the deceased plaintiff somehow filed an appeal; and the Second Circuit went as far as to issue an opinion affirming the judgment . . . .").

6

### B. Rule 41 of the Federal Rules of Civil Procedure

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

FED. R. CIV. P. 41(b). The Supreme Court has long held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. R. Co.*, 370 U.S. 626, 630–31 (1962) (citations omitted); *accord Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) ("Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 630–31))); *see also Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (per curiam). "Courts are empowered to 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief,' in order 'to achieve the orderly and expeditious disposition of cases.'" *Jones v. AT&T Mobility Servs., LLC*, No. 3:17-cv-2315, 2018 WL 7117916, at *2 (N.D. Tex. Dec. 27, 2018), *R. & R. adopted*, 2019 WL 318181 (N.D. Tex. Jan. 23, 2019) (quoting *Link*, 370 U.S. at 629–31); *In re United Mkts. Int'l, Inc.*, 24 F.3d 650, 654 (5th Cir. 1994) (per curiam) ("A federal district court has both specific and inherent power to control its docket, and this includes the power to dismiss a case . . . .") (citation omitted).

In *Rea v. Mutual Omaha Insurance*, the district court concluded it did not have the authority to dismiss the action pursuant to Rule 25 after a suggestion of death had been filed on the record

7

as to the plaintiff when her attorney had never served a successor or representative. *See Rea v. Mut. of Omaha Ins. Co.*, No. 16-cv-73-FPG-HBS, 2018 WL 3126749, at *2 (W.D.N.Y. June 26, 2018). However, the district court concluded it had inherent authority to dismiss the case after finding there had been a failure to prosecute. *See id.* at *3 (citing *Keating v. Leviton Mfg. Co., Inc.*, No. 06-cv-6027, 2009 WL 234654, at *2 (S.D.N.Y. Jan. 30, 2009)).

The present scenario before the Court is unique and most certainly rare. Plaintiff's passing, without her own counsel or the appearance of any other party in the case, leads to the conclusion that there *will* be a failure to prosecute. As such, the Court finds the proper exercise of discretion is to dismiss Plaintiff's claims without prejudice.

### III.    RECOMMENDATION

For the foregoing reasons, the Court recommends Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE.**

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th

Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## IV.   ORDER

**IT IS ORDERED** that the Clerk of Court is directed to send a copy of this Report and Recommendation to Plaintiff by certified mail return receipt requested and to Plaintiff's email address, DawnofHopeLLC@gmail.com.

**So ORDERED and SIGNED this 23rd day of February, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE